1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105-2482
   Telephone: (415) 268-7000
4  Facsimile: (415) 268-7522

5  PURVI G. PATEL (CA SBN 270702)
   PPatel@mofo.com
6  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
7  Los Angeles, California  90017-3543
   Telephone: (213) 892-5200
8  Facsimile: (213) 892-5454

9  Attorneys for Defendants
   BUMBLE INC. and
10 BUZZ HOLDINGS L.P.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| RYAN CHIEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE INC. and BUZZ HOLDINGS L.P.,<br><br>Defendants. | Case No. **'22CV20    GPC NLS**<br><br>**DEFENDANTS BUMBLE INC. AND BUZZ HOLDINGS L.P.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. § 1446(d)]<br><br>[Superior Court of the State of California, County of San Diego; Case No. 37-2021-00049769-CU-MC-CTL] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Bumble Inc. ("Bumble") and Buzz Holdings L.P. ("Buzz Holdings") (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant

to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**Procedural History and Timeliness of Removal**

1. On November 24, 2021, Ryan Chien ("Plaintiff"), on behalf of himself and a purported nationwide class of all similarly situated individuals, filed a civil action in the Superior Court of the State of California, County of San Diego, entitled *Ryan Chien v. Bumble Inc. et al.*, Case No. 37-2021-00049769-CU-MC-CTL. (Ex. 1, Declaration of Tiffany Cheung in Support of Defendants' Notice of Removal ("Cheung Decl.") ¶ 2, Ex. A ("Compl.").)

2. On December 8, 2021, Defendants received a copy of the complaint in this action. (Ex. 2, Declaration of Kate Urquiola in Support of Defendants' Notice of Removal ("Urquiola Declaration" or "Urquiola Decl.") ¶ 3.) This notice is therefore timely. *See* 28 U.S.C. § 1446(b)(1) (removal is timely if filed within 30 days of defendant's receipt of the pleading).

**Basis for Removal Jurisdiction**

3. <u>Generally</u>. The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), for at least the following reasons.

4. <u>Covered Class Action</u>. Plaintiff purports to bring this action on behalf of a purported nationwide class of "[a]ll U.S. residents who registered for and/or used the Bumble app during the applicable limitations period (the "Class")," and a subclass of "[a]ll residents of California who registered for and/or used the Bumble app during the applicable limitations period." (Compl. ¶ 117.) Plaintiff alleges that Defendants engaged in "unlawful and intentional collection and use of users' personally identifiable information . . . without their consent" and that "all Class members . . . had their PII exposed or accessed in the Data Breach." (*Id.* ¶¶ 1, 122.)

5. This action meets the CAFA definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or

1

1 | more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B),
2 | 1453(a), (b).

3 |      6.    <u>Diversity</u>.  The minimal diversity standard of the CAFA is met so long
4 | as any defendant is a citizen of a state different from any member of the putative
5 | class of plaintiffs.  *Id.* § 1332(d)(2)(A).

6 |          a.    Plaintiff alleges that he is a citizen of California.  (Compl. ¶ 18.)
7 | The putative nationwide class includes members from every state.  (*See id.* ¶ 117.)

8 |          b.    As of the date the complaint was filed in the San Diego Superior
9 | Court, and as of the date of this removal, Defendant Buzz Holdings is a Delaware
10 | limited partnership with its principal place of business in Texas.  (Urquiola Decl.
11 | ¶ 5; *see* Compl. ¶¶ 19-21.)  The only natural person in Buzz Holding's partnership
12 | chain is an individual domiciled in Austin, Texas.  The only corporation in Buzz
13 | Holding's partnership chain is Defendant Bumble Inc., which is incorporated under
14 | the laws of Delaware and has a principal place of business in Austin, Texas, where
15 | its headquarters are located.  The remaining partners or members that comprise the
16 | limited liability companies and limited partnerships in Buzz Holding's corporate
17 | organization structure are Delaware citizens.  (Urquiola Decl. ¶ 5.)

18 |          c.    Accordingly, this action satisfies the diversity requirements of
19 | the CAFA.  28 U.S.C. § 1332(d)(2)(A) because Plaintiff alleges at least any one
20 | member of the purported class of plaintiffs (citizens of all states) is a citizen of a
21 | state different from any one defendant (citizens of Delaware and Texas).

22 |      7.    <u>Amount in Controversy – Alleged Compensatory Damages</u>.  This
23 | Court has original jurisdiction over a class action "in which the matter in
24 | controversy exceeds the sum or value of $5,000,000, exclusive of interest and
25 | costs."  *Id.* § 1332(d)(2).  The claims of the individual class members are
26 | aggregated to determine whether the matter in controversy requirement is met.  *Id.*
27 | § 1332(d)(6).  Where, as here, a complaint does not specify the amount of damages
28 | sought, "a defendant can establish the amount in controversy by an unchallenged,

1 | plausible assertion of the amount in controversy in its notice of removal." *Ibarra v.*
2 | *Manheim Invs.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015).  No submission of
3 | evidence accompanying the removal notice is required.  *Dart Cherokee Basin*
4 | *Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Defendant's burden requires
5 | "only a plausible allegation that the amount in controversy exceeds the
6 | jurisdictional threshold." *Dart*, 574 U.S. at 89.
7 |       8.    Plaintiff asserts eight causes of action against Defendants:
8 | (1) Negligence, (2) Restitution and Unjust Enrichment, (3) Invasion of Privacy,
9 | (4) Intrusion Upon Seclusion, (5) Violation of the California Unfair Competition
10 | Law ("UCL"); (6) Violation of the California False Advertising Law ("FAL");
11 | (7) Violation of the California Consumer Privacy Act ("CCPA"), and (8) Violation
12 | of the California Comprehensive Data Access and Fraud Act ("CDAFA").  (Compl.
13 | ¶¶ 127-199.)  Plaintiff's negligence claim arises in part from a purported "data
14 | breach" in March 2020 that Plaintiff alleges allowed access to Plaintiff's and the
15 | putative class's "data and content."  (Compl. ¶ 136.)  Among other things, Plaintiff
16 | seeks to recover the cost of "identity protection and credit monitoring services" for
17 | himself and the putative class members.  (*Id.*)  He further alleges the purported
18 | breach reached "every one of [the Bumble app's] 100M users."  (*Id.* ¶ 81.)
19 |       9.    Defendants dispute Plaintiff's allegations and dispute that they are
20 | liable to Plaintiff or to the putative class.[1]  Without conceding any merit to
21 | Plaintiff's damages allegations or causes of action, a plain reading of the complaint
22 | demonstrates that the amount in controversy exceeds $5,000,000 for purposes of
23 | removal.
24 |       10.    Plaintiff's request for credit monitoring on behalf of himself and the
25 | purported class alone exceeds this threshold.  According to publicly available

---

[1] Defendants specifically reserve all rights to challenge the complaint on all available grounds, including that Plaintiff improperly named Bumble and Buzz Holdings as defendants in this action.

3

DEFENDANTS' NOTICE OF REMOVAL
sf-4645730

published sources, credit monitoring is likely to cost an average of approximately $7.50 per month. (*See* Ex. 1, Cheung Decl. ¶¶ 4-6, Exs. C-E.) Thus, the cost of credit monitoring for just nine months would amount to approximately $67.50 per individual. As demonstrated by the attached Urquiola declaration, over 75,000 unique Bumble app users were associated with registration in the United States at the time of the purported "data breach." (Urquiola Decl. ¶ 4.) Thus, just nine months of credit monitoring alone would place the amount in controversy over $5,000,000—satisfying the jurisdictional threshold without even taking into account Plaintiff's other claims.

11. <u>Amount in Controversy – Statutory Damages</u>. Plaintiff also alleges that Defendants violated Section 1798.150 of the CCPA by failing "to prevent Plaintiff's and California Subclass members' nonencrypted and nonredacted PII from unauthorized disclosure" under "their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information." (Compl. ¶ 193.) The CCPA awards a minimum of $100 and a maximum of $750 in statutory damages per violation of Section 1798.150. Cal. Civ. Code § 1798.150(a)(1)(A). Though Plaintiff asserts that he currently seeks only injunctive relief under the CCPA due to the 30-day curing period required by the statute, Plaintiff affirms that he will seek leave to amend his complaint in order to assert statutory damages once the curing period has elapsed. (*Id.* ¶ 195.) If such an amended complaint is permitted and filed, the amount in controversy would increase substantially and easily exceed the $5,000,000 threshold.

12. <u>Amount in Controversy – Punitive Damages and Injunctive Relief</u>. Plaintiff's remaining requests for relief substantially increase the amount in controversy. For instance, Plaintiff requests punitive damages and injunctive relief. (*Id.* ¶¶ 156-57.) While Defendants dispute that Plaintiff is entitled to any such relief, the value of the requested relief should be included in determining the amount in controversy. *See, e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d

4

696, 700 (9th Cir. 2007) (punitive damages included in calculating amount in controversy); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (injunctive relief included in calculating amount in controversy).

13. <u>Amount in Controversy – Attorneys' Fees</u>. Plaintiff also seeks an award of attorneys' fees. (Compl. ¶¶ 195,199; *see also* "Prayer for Relief" subsection (c).) While Defendants dispute that any attorneys' fees are recoverable, this request should also be included in determining the amount in controversy. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (reversing remand and holding that "attorneys' fees are at stake in the litigation, and must be included in the amount in controversy").

14. Accordingly, based on Plaintiff's allegations and the number of Bumble app unique users nationwide at the time of the purported "data breach," the $5,000,000 amount in controversy requirement is satisfied here, exclusive of interest and costs.

15. <u>No CAFA Exclusions</u>. This action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d). Plaintiff brings this action on behalf of a nationwide class of "U.S. residents who registered for and/or used the Bumble app during the applicable limitations period" and he does not allege that over one-third of the putative class comprises citizens of California. (Compl. ¶ 117.) Nor can the complaint as pleaded support such a conclusion. Therefore, the exclusions to removal jurisdiction do not apply. *See* 28 U.S.C. § 1332(d).

**Notice to State Court**

16. A copy of this Notice of Removal was filed with the Clerk of the Superior Court of the State of California, San Diego County. (*See* Ex. 1, Cheung Decl. ¶ 3, Ex. B, attaching without exhibits the state court removal notice.)

**Intradistrict Assignment**

17. Assignment of this action to the United States District Court for the Southern District of California is appropriate because this action was originally filed in the Superior Court of the State of California, San Diego County.

Accordingly, Defendants respectfully submit that this action is removed properly pursuant to the Class Action Fairness Act. By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their right to assert any defense which it could have asserted in the Superior Court of the State of California for the County of San Diego.

Dated: January 6, 2022　　　　　　　　MORRISON & FOERSTER LLP

By: /s/ Tiffany Cheung
　　　TIFFANY CHEUNG

*Attorneys for Defendants*
*Bumble Inc. and*
*Buzz Holdings L.P.*